Laws 883; 2 Stat. 203, c. 9], and which, mutatis mutandis, is the same in form and in principle with the one I am now considering. The question in that case was, whether damages were to be assessed by the jury, or the whole penalty recovered as liquidated damages. Mr. Justice Thompson, in delivering the opinion of the court, remarks, that he considers the construction of that act "the same as if it had expressly declared that, if the master did not comply with the duties therein required, he should forfeit the sum of four hundred dollars; and the reason why a bond is to be given, is, that security is required, and there must be some way in which the surety shall signify his assent to the undertaking." This reasoning is perfectly just, and applies equally to the case before me. It is the only ground upon which it can be maintained, that the whole penalty is absolutely forfeited by a breach of any one of the conditions.

It is true, that in the case above quoted, the sum for which the parties are bound is treated as liquidated damages, in the argument at the bar, and in the opinion of the court. The distinction is not there noticed between liquidated damages for the violation of a contract, by reason of which one party was damnified, and a fixed penalty imposed, by way of forfeiture, by the sovereign authority, for a breach of the law; and the construction given to the act of 1803, as above stated, which considers the penalty as a forfeiture for an offence, is hardly consistent with the notion that it is also to be regarded as liquidated damages; but the attention of the court was not drawn to this distinction, and the case before them did not require it.

Assuming the rule of construction, in relation to the act of 1803, to be the one above mentioned, and applying it to the act now in question, by the same rule it will follow, that the sum recovered on the bond in this case, is to be considered as a forfeiture for an offence. In other words, it is a fixed penalty, imposed by law as a punishment for a breach of duty enjoined by law, and must be treated as such, in the appropriation to be made of it under the act of congress.

The decree of the district court must, therefore, be reversed, and one moiety of the sum recovered be equally divided between the collector, naval officer and surveyor.

[See Case No. 9,723.]

---

UNITED STATES (MONTELL v.). See Case No. 9,723.

---

## Case No. 15,799.

UNITED STATES v. MONTGOMERY.

[2 Dall. 335.] 1

Circuit Court, D. Pennsylvania. 1795.

ATTACHMENT—BY WHOM TO BE SERVED.

An attachment being awarded against the witnesses, who did not attend at the return of

1 [Reported by A. J. Dallas, Esq.]

the subpœna that had issued in this cause on the part of the defendant, the marshall (Nichols) suggested that they resided in a distant county, and asked the opinion of the court, whether it was his duty to serve the process.

BY THE COURT. An attachment is the process of the court, regularly issuing for the administration of justice; and, therefore, must be served by the marshall.

---

## Case No. 15,800.

UNITED STATES v. MONTGOMERY.

[3 Sawy. 544.] 1

District Court, D. Oregon. Dec. 28, 1875.

RECEIVING PROPERTY STOLEN FROM MAIL — POSSESSION—INDICTMENT—WITNESSES —CONFESSIONS.

1. An indictment under section 5479 of the Revised Statutes, which charges the defendant with receiving, concealing, and aiding in the concealing, of gold dust stolen from the mails, only charges one crime, and proof of doing either will warrant a verdict of guilty.

2. A defendant indicted with another for receiving, concealing, and aiding in the concealing, of stolen property, may be found guilty thereon of a separate receiving, etc., when such other defendant has been discharged therefrom upon a plea of autrefois convict.

3. What constitutes a guilty receiving, concealing, and aiding in the concealing, of stolen property under section 5479 aforesaid.

4. The possession of gold coin received at the mint in exchange for gold dust stolen from the mails, is not a possession of such dust.

5. The receiving, etc., of the stolen property must have been done in the district where the indictment is found.

6. A defendant, however degraded or abandoned, is nevertheless presumed to be innocent of the crime charged in the indictment.

7. Witnesses—Circumstances affecting the credibility of.

8. Confessions—What weight to be given to.

[Cited in U. S. v. Reeves, 38 Fed. 410.]

[This was an indictment against Sarah Jane Montgomery for receiving property from Andrew J. Harmison, which he had stolen from the United States mail.]

Rufus Mallory and Joseph N. Dolph, for plaintiff.

William H. Effinger, Richard Williams, and James D. Fay, for defendant.

DEADY, District Judge, (charging jury). The indictment in this case is founded upon section 5470 of the Revised Statutes, which, among other things, provides that any person who shall receive, or conceal, or aid in concealing, any article of value, knowing the same to have been stolen or embezzled from the mail of the United States, shall be punishable by a fine of not more than $2,000, and by imprisonment at hard labor not more than five years.

The reason and necessity of such a statute

1 [Reported by L. S B. Sawyer, Esq., and here reprinted by permission.]